[Civ. No. 7376. Fourth Dist. Sept. 12, 1963.]

OLICE H. HUSON, Petitioner, v. THE SUPERIOR COURT OF ORANGE COUNTY et al., Respondents; FRANK CARDINALE, JR., et al., Real Parties in Interest.

Cushman & Grover and Robert A. Cushman for Petitioner.

No appearance for Respondents.

Tuller, Ruston & Perez and Robert K. Tuller for Real Parties in Interest.

STONE, J.*—Petitioner, a defendant in an action instituted to recover damages for personal injuries arising out of a collision between two motor vehicles, seeks a writ of prohibition restraining respondent superior court from hearing further proceedings, and for a dismissal of the action. The petition is predicated upon both grounds for dismissal for lack of prosecution of an action specified in Code of Civil Procedure section 581a: (1) failure to have summons issued within one year from the filing of the complaint, and (2) failure to have the summons served and return thereon made within three years after the commencement of the action.

The matter must be decided adversely to petitioner upon both grounds, for lack of a record. In support of his contention that no summons was issued within a year, petitioner alleges that the action was filed December 15, 1959, that no summons was issued, but that on October 27, 1961, an alias summons was issued. The real parties in interest reply that this issue was tried in the court below, that the trial court determined a summons did issue at the time the complaint was filed, although it was not served within one year. We do not have the clerk's file before us or, for that matter, any record, so we must assume that the trial court correctly determined this issue.

Furthermore, Code of Civil Procedure section 408 provides that an alias summons may issue only if the original has been returned unserved or if it has been lost. It must be

---

*Assigned by Chairman of Judicial Council.

presumed that the clerk or the judge of the court who issued the alias summons complied with the law. In the absence of a record indicating otherwise, the presumption must prevail.

In support of his second ground, petitioner alleges that the action was filed December 15, 1959, but no summons was served prior to May 23, 1963, and at that time petitioner moved to dismiss the action for the reason that summons had not been served and return made thereon within three years after commencement of the action. Section 581a provides an exception to the foregoing rule, upon which real parties in interest rely. In this regard the section reads:

"... provided, that, ... no dismissal shall be had under this section as to any defendant because of the failure to serve summons on him during his absence from the State, or while he has secreted himself within the State to prevent the service of summons on him."

 It is the contention of real parties in interest that petitioner secreted himself within the State to prevent service of summons, thus bringing the proceeding within the exception provided in section 581a and, further, that this avoidance of service justified the trial court in refusing to grant the motion for dismissal.

In the trial court, counsel for real parties in interest filed an affidavit which read, in part:

"That your affiant was notified on October 28, 1961 that service had been attempted upon the defendant at 3817 Carol Drive, Fullerton, California, the last known address of the defendant, and at that time it was discovered that the defendant had moved and left no forwarding address.

"That your affiant has checked the post office records and all telephone directories for the County of Orange and the County of Los Angeles and has been unable to ascertain the whereabouts of the defendant and therefore has not been able to serve him with a copy of the summons and complaint."

We would agree with petitioner that the foregoing allegation, standing alone, is insufficient to prove that he secreted himself within the state, or that proper diligence was used in seeking out his whereabouts. However, the pleadings before us indicate that a motion to dismiss under 581a was heard by the trial court not once, but twice. The first motion was denied without prejudice, and a second motion followed some time later. Both motions were denied, and petitioner asks this court to compel the trial court to dismiss the action. Yet we have no record of the two hearings. Petitioner does not deny the assertion in the answer of real parties in

interest that the trial judge questioned counsel about the matters contained in the documents before him, including the affidavits. We have no transcript of those proceedings and we cannot speculate as to what questions were asked and answers given at the two hearings.

For lack of an adequate record, we are unable to satisfactorily review the proceedings in the trial court, and certainly we cannot hold that in the circumstances the trial judge arbitrarily refused to comply with that part of Code of Civil Procedure section 581a which makes dismissal mandatory.

Writ denied.

Griffin, P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied October 11, 1963.